Villarreal v. SOT
















NUMBER 13-02-00693-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

OLIVERIO VILLARREAL, JR.,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 156th District Court of Bee County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

          Pursuant to a plea agreement, appellant, Oliverio Villarreal, pleaded guilty to the
offense of assault on a public servant.


 The trial court found appellant guilty and, in
accordance with the plea agreement: (1) assessed his punishment at ten years
imprisonment and a $1,500 fine, (2) suspended the jail sentence, and (3) placed him on
community supervision for ten years. The trial court has certified that this “is a plea-bargain case, and the defendant has NO right of appeal.” See Tex. R. App. P. 25.2(d). In
a single issue, appellant contends that the trial court’s order committing him to a Substance
Abuse Felony Punishment Facility (SAFPF) as a condition of community supervision
constitutes a violation of the Eighth and Fourteenth Amendments of the Federal
Constitution.
          Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure provides that, in a plea
bargain case in which the punishment does not exceed the punishment recommended by
the prosecutor and agreed to by the defendant, a defendant may appeal only those matters
that were raised by written motion filed and ruled on before trial, or after obtaining the trial
court’s permission to appeal. Tex. R. App. P. 25.2(a)(2). The record reflects that no written
motions were filed and ruled on before trial and the trial court did not grant appellant
permission to appeal.
          We must dismiss an appeal if the trial court’s certification shows there is no right of
appeal. See Tex. R. App. P. 25.2(d). Accordingly, this appeal is dismissed.

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 17th day of June, 2004.